UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALYENE L. ENGLISH,

    *Plaintiff*,

v.

SAFEWAY, INC.,

    *Defendant*.

No. 22-cv-3607 (DLF)

## ORDER

Alyene L. English slipped and fell while grocery shopping. She sued Safeway, Inc. for negligence. Before the Court is Safeway's Motion for Summary Judgment. Dkt. 8. For the reasons that follow, the Court will deny the motion.

In 2019, English and her sister Nedra English (Nedra) entered a Safeway grocery store in Washington, DC.[1] Def.'s Statement of Undisputed Material Facts ¶¶ 1–2, Dkt. 8-2; Pl.'s Counter-Statement to Def.'s Statement ¶¶ 1–2, Dkt. 11. The pair split up, and Nedra—in her telling—spotted "something on the floor" that "looked like [chicken] fat." Dep. of Nedra English at 24:4–6, 27:16–17 ("Nedra Tr."), Dkt. 8-6. She told a Safeway employee near the store's salad bar about the problem and then walked to the Safeway deli counter, where she waited for "about 10 to 15 minutes." *Id.* at 24:14–18, 27:1–3. While waiting, Nedra told an employee behind the deli counter about the potential spill as well. *Id.* at 24:14–18.

---

[1] Consistent with the applicable legal standard, the Court recounts the facts of the case "in the light most favorable to the nonmoving party." *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011). For purposes of summary judgment, the parties agree on every relevant fact save one—whether English's sister spotted the spill on the floor and told Safeway employees about it. *Compare* Pl.'s Opp'n to Def. Safeway's Mot. for Summ. J. at 1–2, Dkt. 11, *with* Def. Safeway, Inc.'s Mem. in Supp. of Summ. J. at 13–18 ("Safeway's Mot."), Dkt. 8-1.

English met Nedra at the deli counter and then walked away. Dep. of Alyene English at 81:8–20 ("English Tr."), Dkt. 8-5. She slipped and fell on the spill her sister (allegedly) pointed out, injuring herself. *Id.* at 91:1–12. This lawsuit followed.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986). In reviewing the record, the Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). That said, "a plaintiff opposing summary judgment" must "substantiate [her allegations] with evidence" that "a reasonable jury could credit in support of each essential element of her claims." *Grimes v. District of Columbia*, 794 F.3d 83, 94 (D.C. Cir. 2015).

The parties agree that D.C. law governs this dispute. *See also Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In the District of Columbia, "the elements of a cause of action for negligence are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Woods v. District of Columbia*, 63 A.3d 551, 553 (D.C. 2013) (alterations adopted) (quoting *Taylor v. District of Columbia*, 776 A.2d 1208, 1214 (D.C. 2001)). A grocer's "duty is to exercise reasonable care to keep his place of business safe for the customer using it." *Seganish v. D.C. Safeway Stores, Inc.*, 406 F.2d 653, 655 (D.C. Cir. 1968). "[N]egligence can be found in relation to a customer-created hazard only if it is known, or because of its duration it should have been discovered, in time to afford a fair opportunity to remove it." *Id.* at 656; *accord Smith v. Safeway Stores, Inc.*, 298 A.2d 214, 216 (D.C. 1972).

Drawing "all reasonable inferences" in English's favor, the Court concludes that Safeway is not entitled to summary judgment. *Reeves*, 530 U.S. at 150. A jury could find that Nedra saw spilled grease on the floor, that she told Safeway employees about it, and that the employees did nothing about the hazard for more than ten minutes. Reasonable jurors could think that this behavior breached Safeway's duty to "keep [its] place of business safe for [English]." *Seganish*, 406 F.2d at 655; *see, e.g.*, *Hines v. Safeway Stores,* 379 A.2d 1174, 1175 (D.C. 1978) (explaining that negligence is "peculiarly within the province of juries" and declining to set aside a jury's conclusion that a store's failure to clean a large puddle after twenty minutes was negligent, even without evidence that the store knew about the puddle). So too, they could infer that Safeway's breach caused English's fall and injuries.

Safeway replies that English has not provided expert testimony on the applicable standard of care, that the "sham affidavit" rule bars consideration of Nedra's testimony, and that English's opposition to its motion for summary judgment did not comport with the Civil and Local Rules. None of these arguments persuades the Court.

Although English has not proffered expert testimony regarding the standard of care supermarkets owe to their customers, she need not do so to survive summary judgment. Under D.C. law, a plaintiff must establish a standard of care by expert testimony when "the subject in question is so distinctly related to some science, profession, or occupation as to be beyond the ken of the average layperson." *District of Columbia v. Peters*, 527 A.2d 1269, 1273 (D.C. 1987); *District of Columbia v. Shannon*, 696 A.2d 1359, 1365 (D.C. 1997) (quoting *Peters*). Expert testimony is not necessary when a defendant ignores "obvious hazards." *Boff v. Inter-Cont'l Hotels Corp.*, No. 17-cv-1523, 2018 WL 6329451, at *5 (D.D.C. Dec. 4, 2018). And "[i]n this case, a reasonable jury could find" that Safeway's decision not to clean its floor for more than ten

3

minutes "created the sort of hazard that is evident to the average lay juror," as a prior decision from this District indicates. *Id.*; *see Davenport v. Safeway, Inc.*, No. 20-cv-1207, 2022 WL 4379016, *3–6 (D.D.C. Sept. 22, 2022) (denying summary judgment in Safeway slip-and-fall case while excluding defendant's expert testimony as to standard of care, on the theory that "in a 'typical negligence case, the standard of care . . . is simply that of a reasonable [person] under like circumstances'") (quoting *Godfrey v. Iverson*, 559 F.3d 569, 572 (D.C. Cir. 2009)). The cases Safeway cites do not say otherwise, as they involve more complex or technical subjects. *See, e.g.*, *Tripmacher v. Starwood Hotels & Resorts Worldwide, Inc.*, 277 F. Supp. 3d 104, 109 (D.D.C. 2017) (requiring expert testimony in a case involving the design, construction, and placement of a wheelchair ramp in a ballroom); *Varner v. District of Columbia*, 891 A.2d 260, 265–67 (D.C. 2006) (requiring expert testimony in a case involving the failure to expel university student).

The "sham affidavit rule" does not require summary judgment either. That rule ordinarily "precludes a party from creating an issue of material fact by contradicting prior sworn testimony" in a subsequent filing. *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1030 (D.C. Cir. 2007). Here, Safeway says that Nedra's deposition testimony contradicts English's prior representation, in a recorded phone call with a Safeway claims administrator, that she "had no knowledge of any Safeway store employees or managers that had any notice of the presence of [an] alleged substance on the floor prior to [her] fall." English Tr. at 119:16–22. But English's representation was not sworn and was not made by Nedra, whose testimony Safeway contends is a sham. Safeway cites no case applying the sham affidavit rule to a non-party's testimony that contradict a party's prior *unsworn* representations, and the Court declines to extend that rule to the facts of this case. *Cf. Galvin*, 488 F.3d at 1030–31 (declining to resolve whether "the sham affidavit rule should be applied to a non-party witness").

4

Finally, it is irrelevant whether English filed a deficient "statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." LCvR 7(h)(1); *cf.* Def.'s Reply in Supp. of Summ. J. at 1–4, 9–10, Dkt. 12. English's "Counter Statement to" Safeway's "Statement of Undisputed Material Facts," although short and light on citations, adequately "show[ed]" that the materials in Safeway's own statement did "not establish the absence . . . of a genuine dispute" of material fact. Fed. R. Civ. P. 56(c)(1)(B); *cf.* LCvR 7(h)(1) (requiring defendant's statements to be "controverted"). At any rate, even when a plaintiff files *no* opposition to a defendant's motion for summary judgment, the Court must still "determine for itself that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 509 (D.C. Cir. 2016). Here, the Court cannot so determine.

For these reasons, Safeway's motion for summary judgment is **DENIED**. On or before October 31, 2023, the parties shall file a joint status report proposing a schedule for further proceedings, including whether they agree to engage in mediation, either through the Circuit Executive's Mediation Program or by a magistrate judge.

**SO ORDERED.**

October 17, 2023

DABNEY L. FRIEDRICH
United States District Judge